NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022[*]
Decided June 27, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1009

| | |
|---|---|
| TITUS HENDERSON, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-749 |
| JIM SCHWOCHERT, et al., <br> *Defendants-Appellees*. | William E. Duffin, <br> *Magistrate Judge*. |

**O R D E R**

Titus Henderson, a Wisconsin inmate, appeals the summary judgment entered against him in this suit under the Eighth Amendment asserting that prison guards

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

assaulted him and then placed him in a cold and unsanitary cell. The district court determined that Henderson's claims were either untimely or unexhausted. We affirm.

We present the facts in the light most favorable to Henderson, the non-moving party. *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). In 2013, an altercation broke out while Henderson was being escorted by guards from the prison library. After a disciplinary hearing, Henderson was found guilty of battery and placed in segregation for just under a year.

In response, Henderson filed two grievances. In the first, he complained that prison staff (who are not parties to this litigation) denied him mental healthcare and placed him in—among other inhumane conditions—an unsanitary and freezing cell without toilet paper or clothing. The complaint was dismissed for lack of evidence, and Henderson's appeal of that decision was affirmed. In the second grievance, Henderson alleged that the prison guards instigated the altercation by attacking him with excessive force and that prison officials violated procedural rules during his subsequent disciplinary hearing; he also repeated his allegations that prison officials subjected him to inhumane conditions of confinement. A prison administrator focused only on the accusations of procedural violations, found none, and dismissed the grievance. Henderson later swore (in a declaration attached to his summary-judgment response) that he filed an internal appeal of that dismissal but received no acknowledgement. Prison records, however, do not reflect that he filed an internal appeal.

Six years later, Henderson sued prison guards and administrators under 42 U.S.C. § 1983 for a host of constitutional violations. The magistrate judge, proceeding with the parties' consent, screened Henderson's complaint, *see* 28 U.S.C. § 1915A(a), and allowed Henderson to proceed on four claims: (1) an Eighth Amendment excessive-force claim against the guards who allegedly attacked him, (2) an Eighth Amendment conditions-of-confinement claim against those guards for allegedly placing him in the freezing and unsanitary cell, (3) a procedural due process claim against the officers who conducted his disciplinary hearing, and (4) an equal protection claim alleging that the rules used to discipline him were discriminatory.

Discovery ensued. Henderson asked the defendants to produce documents concerning the altercation and the prison's use-of-force policies, as well as any audio recordings of the incident. Counsel for the defendants informed Henderson that the request was untimely and that they would not comply with it. Henderson never filed a motion to compel.

The defendants moved for summary judgment on grounds that Henderson, among other things, either failed to file his case within the applicable statute of limitations or to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). Henderson responded, and a month later he moved under Rule 56(d) of the Federal Rules of Civil Procedure to defer ruling on the summary-judgment motion because he needed more time to conduct discovery related to the merits of his complaint.

The judge granted the defendants' summary-judgment motion. With regard to Henderson's conditions-of-confinement claim, the judge determined that the claim was barred by the six-year statute of limitations, then applicable to his claims. (A § 1983 claim has a statute of limitations based on the personal-injury law of the state where the injury occurred, *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017), and in 2013, Wisconsin had a six-year statute of limitations, *see* WIS. STAT. § 893.53 (2013). Wisconsin has since amended the statute of limitations to three years. *See* WIS. STAT. § 893.53 (eff. April 5, 2018).) Regarding Henderson's remaining claims (excessive force, due process, and equal protection), the judge concluded that Henderson failed to exhaust his administrative remedies. Henderson urged that he filed internal appeals that went unaddressed by the prison, but the judge found no evidence that he did anything when he received no response. The judge explained that Wisconsin's grievance process requires inmates who have not received acknowledgement of an appeal request to inquire why they have not received this important document. As for Henderson's Rule 56(d) motion, the judge denied it, explaining that Henderson needed to respond to the defendants' discovery objection by filing a motion to compel.

On appeal, Henderson principally argues that the judge's exhaustion analysis overlooked his sworn declaration in which he asserted that he filed an internal appeal that went unaddressed by the prison. But Henderson misreads the judge's explanation. The judge explicitly acknowledged Henderson's contention that he appealed the dismissal of his grievances. The judge proceeded to explain, rightly so, that Wisconsin's grievance system required him to inquire into any situation when a receipt has not been generated after the filing of an internal appeal. *Lockett v. Bonson*, 937 F.3d 1016, 1026–28 (7th Cir. 2019) (citing WIS. ADMIN. CODE DOC § 310.06). His "bald assertion of a timely filing" is insufficient to generate a triable issue for exhaustion purposes. *Id.* at 1027. (Although Wisconsin's grievance procedures have since changed, *Schneider v. Kostolihryz*, No. 19-CV-756-JDP, 2020 WL 5204061, at *3 (W.D. Wis. Sept. 1, 2020), Henderson's claims—arising out of events in 2013—are subject to the same rules that applied in *Lockett*. *See* WIS. ADMIN. CODE DOC § 310.13 (2013).)

Henderson also challenges the denial of his Rule 56(d) motion. He argues that the defendants' refusal to provide his requested documents left him unable to contest their summary-judgment motion. But the judge appropriately exercised his discretion to deny Henderson's motion. Rather than responding promptly to the defendants' inaction by filing a motion to compel, Henderson waited until the close of summary-judgment briefing to object. And summary judgment "is not the time to complain about what transpired during discovery." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 877–78 (7th Cir. 2021).

Finally, Henderson asserts that the magistrate judge could not enter a final judgment in this case without sending a report and recommendation to a district judge for approval. But this argument misapprehends the procedures set forth in the Federal Magistrates Act: "Upon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order entry of judgment in the case … ." 28 U.S.C. § 636(c)(1). Unlike nonconsensual referrals of pretrial, case-dispositive matters under § 636(b)(1)—which allow district judges to do as they wish with magistrate judges' recommendations—a § 636(c)(1) referral gives magistrate judges full authority over dispositive motions without district judges' review. *Roell v. Withrow*, 538 U.S. 580, 585 (2003). Here, the record shows that both parties signed the consent form allowing the magistrate judge to preside over the case.

We have considered Henderson's other arguments, but none has merit.

AFFIRMED